McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
Attorneys for Defendants,
Metropolitan Life Insurance Company,
improperly pleaded as "Met Life
Insurance Company," and Verizon Communications Inc.,
improperly pleaded as "Verizon Communications
(a/k/a Verizon Wireless)"

| | |
|---|---|
| SAMUEL DECAPUA,<br><br>Plaintiff,<br><br>v.<br><br>MET LIFE INSURANCE COMPANY, VERIZON COMMUNICATIONS (A/K/A VERIZON WIRELESS), ABC CORPS. 1-100 (being Fictitious Entities), and John Does 1-10 (being Fictitious Entities),<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No.: |

## CIVIL ACTION – NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that the undersigned attorneys for defendants, Metropolitan Life Insurance Company, ("MetLife") improperly pleaded as "Met Life Insurance Company" and Verizon Communications Inc. ("Verizon") improperly pleaded as "Verizon Communications (a/k/a Verizon Wireless)" (collectively the "Defendants") petition this Honorable Court, pursuant to 28 U.S.C. § 1441, *et seq.*, removing to the United States District Court for the District of New Jersey, a matter instituted in the Superior Court of the State of New Jersey, Law Division, Bergen County, bearing docket no. BER-L-2078-20.

**PLEASE TAKE FURTHER NOTICE** that a copy of this removal petition has been filed with the Clerk, Superior Court of New Jersey, Law Division, Bergen County, thereby effecting removal pursuant to 28 U.S.C. § 1446(b).

**PLEASE TAKE FURTHER NOTICE** that by affecting removal of this civil action, the Defendants reserve their rights to raise any and all defenses available under the Federal Rules of Civil Procedure including, without limitation, FED. R. CIV. P. 12.

**PLEASE TAKE FURTHER NOTICE** that in support of this Notice of Removal, Defendants rely upon the following:

1. On or around March 31, 2020, a Complaint for Declaratory Relief ("Complaint"), Civil Case Information Statement ("CIS"), and two Summonses were filed on behalf of Samuel DeCapua ("DeCapua") in the Superior Court of New Jersey, Law Division, Bergen County, bearing Docket No. BER-L-002078-20. Attached hereto as Exhibit A is a copy of the Complaint, CIS, and Summonses, which constitutes all process, pleadings and/or orders received by the Defendants to date within the meaning and intent of 28 U.S.C. § 1446.

2. Verizon first had knowledge of the institution of this suit and the basis for removal of this action based upon its counsel accessing the New Jersey Public Access System for the New Jersey Judiciary on April 1, 2020. Verizon has not been served to date with an initial pleading setting forth a claim for relief. Removal is therefore timely under 28 U.S.C. § 1446(b) in that the filing of the within petition occurred within thirty (30) days of Verizon first obtaining knowledge of the institution of the suit and the basis for removal.

3. MetLife first had knowledge of the institution of this suit and the basis for removal of this action based upon its counsel accessing the New Jersey Public Access System for the New Jersey Judiciary on April 1, 2020. MetLife has not been served to date with an initial

pleading setting forth setting forth a claim for relief. Removal is therefore timely under 28 U.S.C. § 1446(b) and that the filing of the within petition occurred within thirty (30) days of MetLife first obtaining knowledge of the institution of the suit and the basis for removal.

4. By way of the Complaint, DeCapua alleges that "Plaintiff was employed by Verizon and covered by a package of insurance including, but not limited to, a long-term disability plan in effect" (Complaint, ¶ 4). The Complaint further alleges that "Verizon and Metlife were placed on notice that Plaintiff was making a claim for his long-term disability income based upon Plaintiff's contact with Metlife through Verizon" (Complaint, ¶ 5). Finally, the Complaint alleges that "Metlife Insurance Company issued a long-term disability insurance policy to Samuel DeCapua through his employment with Verizon" (Complaint, ¶ 11). By way of the Complaint, DeCapua seeks insurance coverage (Complaint, Addendum Clause).

5. Although not alleged in the Complaint, this action is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 et seq., as the relief DeCapua is seeking "relates to" an employee welfare benefit plan. The Plan was established and maintained by Verizon and is an employee welfare benefit plan within the meaning and intent of ERISA.

6. This Court has original jurisdiction because this matter relates to "a claim or right arising under the laws of the United States." 28 U.S.C. § 1441(b). ERISA vests the district courts of the United States with original jurisdiction over civil actions claiming entitled to ERISA-regulated plan benefits. 29 U.S.C. § 1132(e). Moreover, the United States Supreme Court has mandated that suits to recover benefits from ERISA-regulated plans, such as this one, fall directly under ERISA, which provides "an exclusive federal cause of action for resolution of such disputes." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63 (1987). The Court's

rationale applies to causes of action plead solely as state law claims, even without reference to ERISA on the face of the complaint, because Congress "so completely pre-emp[ted this]... particular area that any civil complaint raising this select group of claims is necessarily federal in character." Id. at 63-64, 67. See also, Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987).

7. The instant Notice of Removal is filed within thirty (30) days of the Defendants' receipt of a copy of the initial pleading setting forth the claim for relief against it upon which the instant action is based. The time for filing this notice of removal under 28 U.S.C. § 1446(b) has not expired.

8. Given the applicability of ERISA, pursuant to 29 U.S.C. § 1132(e), United States District Courts are provided with subject matter jurisdiction over all actions for, inter alia, benefits provided under employee welfare benefit plans, including the plan made the subject of the action instituted by Murray. Removal is therefore appropriate under and pursuant to 28 U.S.C. § 1441(a) and (b). Furthermore, pursuant to 29 U.S.C. § 1144, the terms and provisions of ERISA totally preempt all state causes of action, which are asserted in the complaint. See, Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

9. This Court maintains subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). Moreover, this Court maintains supplemental jurisdiction over all other causes of action and proceedings pursuant to 28 U.S.C. § 1367.

Dated: April 27, 2020  
3418392_1

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP  
Attorneys for Defendants,  
Metropolitan Life Insurance Company  
and Verizon Communications Inc.

By: s/ *Randi F. Knepper*  
Randi F. Knepper, Esq.

# EXHIBIT "A"

**Attorney Id.# 044151995**
**CHRISTOPHER A. ERRANTE, ESQUIRE, L.L.C.**
518 Stuyvesant, Suite 300
Lyndhurst, NJ 07071
(201) 672-0202
Attorney for Plaintiff
Samuel DeCapua

| | |
|---|---|
| SAMUEL DECAPUA | SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY: LAW DIVISION |
| Plaintiff(s) | |
| v. | DOCKET NO: _____ |
| MET LIFE INSURANCE COMPANY VERIZON COMMUNICATIONS (A/K/A) VERIZON WIRELESS, ABC Corps. 1-100, (being Fictitious Entities), and John Does 1-10 (being Fictitious Names), Defendant(s) | CIVIL ACTION COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff, SAMUEL DECAPUA, an individual, residing at 12 School Street, in the Township of Barnegat, County of Ocean, and State of New Jersey, by way of Complaint for declaratory judgment against the Defendants states:

### FACTS COMMON TO ALL COUNTS

1. At all times relevant to this litigation, Samuel DeCapua, was an employee of Verizon and its Companies, pursuant to a union contract through IBEW 827, and performed duties as an electrical worker where needed throughout New Jersey and New York during his period of employment.

2. MetLife Insurance Company (hereinafter "MetLife") is a company authorized to do business in New Jersey and the United States of America that provides a variety of insurance services including long term disability benefits for Verizon employees and is headquartered at 200 Park Avenue, in the City of New York and State of New York.

3. Factually, the Underlying Claim arises out of the employment of Plaintiff with Verizon wherein Plaintiff and Plaintiff's Union contracted with MetLife for Long Term Disability Benefits.

1

4. From February 2001 until approximately March 2018, Plaintiff was employed by Verizon and covered by a package of insurance including, but not limited to, a long-term disability plan in effect at the time of the Plaintiff' employment continuing until the present.

5. In April and June 2019, Defendants, Verizon and Metlife were placed on notice that Plaintiff was making a claim for his long-term disability income based upon Plaintiff's contract with Metlife through Verizon.

6. Plaintiff, Samuel DeCapua was insured by Metlife Insurance Company under a long-term disability benefits policy with reference number 1-4237079063 and Claim number 7319375225. The policy period was active during the time Plaintiff was employed by Verizon and accrued with Metlife during the time Plaintiff had been employed by Verizon from, inter alia, the times set forth above and herein.

7. Although notice was sent to Defendants as set forth above, Defendants have failed to respond to Plaintiff's claim for benefits under his policy and to date have yet to respond to said claim.

8. Defendants have not denied coverage to Plaintiff nor have they provided any notice to Plaintiff denying coverage.

9. Plaintiff's present complaint follows.

## THE INSURANCE POLICY

10. Upon information and belief, Metlife Insurance Company, is a corporation authorized to issue insurance policies in the State of New Jersey and has an office located at 200 Park Avenue, New York City, New York.

11. Metlife Insurance Company issued a long-term disability insurance policy to Samuel DeCapua through his employment with Verizon.

12. The aforementioned insurance policy provides, *inter alia,* that Metlife will pay all sums that it becomes legally obligated to pay as long-term disability payments upon Plaintiff becoming disabled and unable to perform the duties of his employment.

13. Metlife was placed on notice of Plaintiff, Samuel DeCapua's inability to perform his duties pursuant to his contract of employment with Verizon.

14. To date, Metlife Insurance Company has refused to assume its obligations under the insurance policy despite being placed on notice by Plaintiff as a result of his disability.

## FIRST COUNT

## DEMAND FOR COVERAGE AND INDEMNIFICATION

15. Metlife Insurance Company is required by the terms and conditions of the policy issued to Plaintiff, Samuel DeCapua, as well as applicable law of the State of New Jersey, to cover all losses relative to the Underlying Claim.

16. Metlife Insurance Company has refused to assume such obligations consistent with the terms and conditions of the policy it issued to Samuel DeCapua, as well as applicable law of the State of New Jersey.

17. The losses and damages alleged by Samuel DeCapua, Plaintiff in the Underlying Claim, include consequential damages for loss of medical care and treatment, all of which fall within the scope of the auto policy.

## JURISDICTION

18. This court has jurisdiction over the parties because a) certain individual parties reside in the State of New Jersey; and b) certain corporate parties do business in New Jersey and /or transacted business in New Jersey; and c) otherwise have sufficient minimum contacts with the State of New Jersey.

19. This court has jurisdiction over Metlife because this Defendant transacts, solicits and/or receives business in or from New Jersey, and otherwise has sufficient minimum contacts therein.

## ACTION FOR DECLARATORY JUDGMENT

20. This is an action for declaratory judgment commenced for the purpose of determining questions of actual controversy between the parties and adjudicating the respective rights, duties and obligations of the parties arising from certain alleged contracts of insurance, including policies of insurance issued by the Metlife Insurance Company.

21. Defendant, Metlife Insurance Company, was named herein, pursuant to the Uniform Declaratory Judgment Act, to clarify the rights, status and other legal relations of the parties.

22. A real controversy exists as to the extent of the insurance coverage available to Plaintiff, Samuel DeCapua, to resolve the losses suffered as a result of Plaintiff's claim for Long Term Disability Coverage.

23. A real controversy exists and should be resolved consistent with the terms and conditions of the available policy and in light of relevant case law.

3

**WHEREFORE**, Plaintiff, Samuel DeCapua, demands the following relief:

a. Declaratory Judgment;
b. Insurance Coverage;
c. Indemnification;
d. Attorneys Fees;
e. Cost of Suit;
f. All out of pocket expenses;
g. Any and all legal and equitable relief the Court deems reasonable

### DEMAND FOR A BENCH TRIAL

The Plaintiff hereby demands a bench trial of all issues before the Court.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to the Rule Governing the Court of the State of New Jersey, the Plaintiff herby designates CHRISTOPHER A. ERRANTE, ESQ. as designated trial counsel.

### CERTIFICATION OF COUNSEL

I certify the matter in controversy is not the subject of any other action or arbitration proceeding or contemplated, and no other parties should be joined in this action. *R.* 4:5-1


**CHRISTOPHER A. ERRANTE, ESQUIRE, L.L.C.**

*[signature]*

**CHRISTOPHER A. ERRANTE, ESQ.**
*ATTORNEY FOR PLAINTIFF*

DATED: March 16, 2020

4

# SUMMONS

Attorney(s) Christopher A. Errante, Esq.
Office Address 518 Stuyvesant Avenue
Town, State, Zip Code Lyndhurst, NJ 07071

Telephone Number 201-672-0202
Attorney(s) for Plaintiff
SAMUEL DECAPUA

Plaintiff(s)

vs.

MET LIFE INSURANCE COMPANY,

and VERIZON COMMUNICATIONS
Defendant(s)

## Superior Court of New Jersey

Bergen   County
Law      Division

Docket No: Ber-L-

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Clerk of the Superior Court

DATED: 03/31/2020

Name of Defendant to Be Served: VERIZON BENEFITS CENTER

Address of Defendant to Be Served: P.O. BOX 8998, Norfolk, VA 23501

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

## SUMMONS

Attorney(s) Christopher A. Errante, Esq.
Office Address 518 Stuyvesant Avenue
Town, State, Zip Code Lyndhurst, NJ 07071

Telephone Number 201-672-0202
Attorney(s) for Plaintiff
SAMUEL DECAPUA

Plaintiff(s)

vs.
MET LIFE INSURANCE COMPANY,
and VERIZON COMMUNICATIONS
Defendant(s)

**Superior Court of New Jersey**

Bergen ▼ County
Law Division
Docket No: Ber-L-

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at
http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Clerk of the Superior Court

DATED: 03/31/2020

Name of Defendant to Be Served: MET LIFE INSURANCE COMPANY

Address of Defendant to Be Served: P.O. BOX 14590, Lexington KY 40511-4590

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-002078-20

**Case Caption:** DECAPUA SAMUEL VS MET LIFE INSURANCE C OMPANY
**Case Initiation Date:** 03/31/2020
**Attorney Name:** CHRISTOPHER ADAM ERRANTE
**Firm Name:** CHRISTOPHER A. ERRANTE ESQUIRE LLC
**Address:** 518 STUYVESANT AVE SUITE 300 LYNDHURST NJ 07071
**Phone:** 2016720202
**Name of Party:** PLAINTIFF : Decapua, Samuel
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)
**Document Type:** Complaint
**Jury Demand:** NONE
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Are sexual abuse claims alleged?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES
**If yes, is that relationship:** Employer/Employee
**Does the statute governing this case provide for payment of fees by the losing party?** NO
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/31/2020
Dated

/s/ CHRISTOPHER ADAM ERRANTE
Signed